NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FLORINE BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>BEAR CREEK ASSISTED LIVING, LLC,<br><br>    Defendant. | Civ. No. 04-5859 (GEB)<br><br>**MEMORANDUM OPINION**<br><br>RECEIVED<br>APR 11 2006<br>AT 8:30 _____ .I.I<br>WILLIAM T. WALSH<br>CLERK |

**BROWN, Chief Judge**

    This matter comes before the Court upon the motion of defendant Bear Creek Assisted Living, LLC ("Defendant"), for summary judgment of plaintiff Florine Brown's ("Plaintiff") Complaint. The Court decided the motion based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion for summary judgment is granted.

**I. BACKGROUND**

    The undisputed facts set forth in the parties' submissions are as follows. Defendant is an assisted living facility that provides apartment-style accommodations and services, focused on providing assistance with daily living activities for senior citizens. At all times relevant to this action, Defendant's operations were generally overseen by Mercedes Corey, Senior Management's Vice President of Operations. On or about December 14, 2001, Plaintiff began employment with Defendant as a cook. Her job title ultimately became Assistant Food Service

Director, although her responsibilities and compensation remained the same. On or about February 10, 2003, Plaintiff provided Defendant with notice, in accordance with Defendant's FMLA policy, that she was scheduled to have surgery on March 10, 2003, and that her estimated recovery time would be six to eight weeks. Defendant approved a medical leave of absence for Plaintiff, which began on March 10, 2003, and ended approximately eight weeks later in May 2003.

On or about July 5, 2003, Plaintiff was promoted to the position of Food Service Director. Within a few months of Plaintiff's promotion, however, her supervisors noted serious deficiencies in her work performance. Plaintiff was counseled regarding her performance issues, but the issues continued. On or about July 5, 2004, Plaintiff was demoted back to the cook position, and Dodie Donegan, Defendant's Executive Director, told her that Corey requested that she work in an open position at a new facility in Harrisburg, Pennsylvania. A new Food Service Director was hired and Plaintiff was instructed to assist the new Food Service Director before going to the Harrisburg facility, but she failed to report to work for several days during that week (specifically July 9-11, 2004). Plaintiff alleges that she was absent because those were her scheduled days off, but Defendant maintains that Plaintiff was expected to be at work to assist the new hire.

On July 11, 2004, Plaintiff called Donegan and declined the position at the Harrisburg facility and requested permission to take three weeks vacation immediately. Donegan told Plaintiff she could take off July 12, but instructed her to call on the 12th for confirmation as to whether she could take the remainder of the requested three weeks at that time. Plaintiff failed to call Donegan on July 12. On July 13, 2004, Donegan and Corey discussed Plaintiff's absence

and her failure to call on July 12 and decided to terminate Plaintiff's employment effective July 12. On or about the morning of July 13, 2004, Plaintiff's cousin faxed Defendant a doctor's note, dated July 12, 2004, stating that Plaintiff would be out of work for four weeks due to dizziness, allegedly resulting from being overworked.

On or about September 21, 2004, Plaintiff filed her First Amended Complaint in the Superior Court of New Jersey, alleging claims of discrimination on the basis of race and disability under the New Jersey Law Against Discrimination ("LAD") and a violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"). On or about November 24, 2004, Defendant filed a notice of removal, bringing the matter before this Court pursuant to its original jurisdiction over the FMLA claim and supplemental jurisdiction over the LAD claims. On or about February 10, 2006, Defendant filed the instant motion for summary judgment.

## II. DISCUSSION

### A. Standard for a Motion for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no

issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

> Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:
>
> > When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255.

Under the rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains. See Celotex, 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to

the material facts." Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S. at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(c)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Rules supplement the Federal Rules and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted). "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted). However, "the parties' L. Civ. R. 56.1 statements cannot bind the Court if other

evidence establishes that the stipulated facts are in error." Id. (citation omitted).

## B. Defendant's Motion is Granted Because There are No Genuine Issues of Material Fact

As a preliminary matter, the Court notes that Plaintiff did not oppose Defendant's motion for summary judgment with respect to her LAD claims on the basis of race and disability (Counts I and II). Therefore, pursuant to the standard set forth above, summary judgment is granted in favor of Plaintiff with respect to those claims. Plaintiff did oppose Defendant's motion for summary judgment with respect to her claim that Defendant violated the FMLA by denying Plaintiff her right to medical leave and terminating her for exercising that right (Count III). After reviewing the parties' respective submissions, the Court finds that there are no genuine issues of material fact sufficient to deny summary judgment on this count.

Although Plaintiff submitted a responsive statement of material facts in dispute pursuant to Local Civil Rule 56.1, she does not sufficiently allege an issue of material fact with respect to her FMLA claim. To present a prima facie claim under the FMLA, "a plaintiff must show (1) she is an eligible employee under the FMLA, (2) defendant is an employer subject to the requirements of the FMLA, (3) she was entitled to leave under the FMLA, (4) she gave notice to the defendant of her intention to take FMLA leave, and (5) the defendant denied her the benefits to which she was entitled under the FMLA." Parker v. Hanhemann Univ. Hosp., 234 F. Supp. 2d 478, 483 (D.N.J. 2002)(citations omitted).

Here, however, Plaintiff presents no evidence that she gave notice of her intention to take FMLA leave while still employed by Defendant. Defendant terminated Plaintiff on July 13, 2004, with the termination effective July 12, 2004. Plaintiff alleges that she faxed a doctor's note, in compliance with the FMLA notice requirement, on July 12 and 13, 2004, but only

presented evidence of a fax on July 13. Futhermore, Plaintiff contends that her employment continued until August 4, when she spoke with Corey and was allegedly informed for the first time of her termination, but provides no evidence to otherwise contest Defendant's showing that her employment was terminated effective July 12.

Drawing all reasonable inferences in favor of Plaintiff, she has presented no evidence sufficient to meet her burden of showing genuine issues of material fact with respect to this claim. Therefore, Defendant's motion for summary judgment is granted as to Count III and Plaintiff's First Amended Complaint is dismissed in its entirety.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted with respect to all counts and Plaintiff's First Amended Complaint is dismissed with prejudice. An appropriate form of order accompanies this Memorandum Opinion.

Dated: April 10, 2006

GARRETT E. BROWN, JR., U.S.D.J.